BOYD, Justice,
concurring in part and dissenting in part.
I fully agree that the conduct of the petitioner in this matter was improper, but to evaluate the nature of his actions fairly it is necessary to consider the loosely constituted contract between petitioner and his client’s mother relating to the personal property pledged by her as security for the fee owed to petitioner for services rendered to her son. The record shows that the mother, who owned the personal property, left it with petitioner with the understanding that it would be security for pay *554 ment of his fee. Unfortunately she was subsequently unable to make the fee payment. Apparently, under these conditions petitioner considered it proper to sell a sufficient portion of the personal property to compensate himself for the fee owed to him. To have accomplished this properly, he should have notified the owner and executed an agreement of sale with her, or in the absence of same, procured an appropriate court order. It is my opinion that, even at this late date, the court should require petitioner to share the expense of attempting to have an objective determination of the value of all property disposed of, file an accounting of same with the Referee and compensate the owner to whatever extent she may have been damaged by his informal disposition of her property after deducting a just fee for himself, or reach some other satisfactory economic settlement with the owner of the property. This Court should withhold its final judgment until such action is concluded.
PER CURIAM.
The petition for rehearing is denied.
Respondent may, however, apply immediately for reinstatement to The Florida Bar. We direct the Bar to process expeditiously respondent’s application and file its recommendations with this Court prior to April 29, 1977.
It is so ordered.
OVERTON, C. J., and ENGLAND, HATCHETT and DREW (RETIRED), JJ., concur.
BOYD, J., dissents with an opinion, with which ADKINS, J., concurs.
ROBERTS (RETIRED), J., dissents.